CHARLES J. MONFORT and Others v. JOSEPH A. WHEELOCK and Others.

November 28, 1899.

Nos. 11,735—(112).

### City of St. Paul—Workhouse Directors—Capacity to Sue.

*Held*, the board of St. Paul workhouse directors, appointed and acting under Sp. Laws 1881, c. 190, are mere city officers, and not a body corporate having power to sue and be sued as such, but the suit must be brought in the name of the city.

Action in the district court for Ramsey county by plaintiffs, as the Board of St. Paul Workhouse Directors, against defendants, as the Board of Park Commissioners of St. Paul, and Frederick Nussbaumer, superintendent of said board, to enjoin defendants from interfering with a certain tract of land. From an order, Jaggard, J., sustaining a demurrer to the complaint, plaintiffs appealed. Affirmed.

*Walter L. Chapin*, for appellants.

Plaintiffs have capacity to sue. Public officers have power to sue commensurate with the proper protection of themselves and prop-

erty in performance of public duties. Mechem, Pub. Off. §§ 893–896; Rouse v. Moore, 18 Johns. 406; Supervisor v. Stimson, 4 Hill (N. Y.) 136; Todd v. Birdsall, 1 Cow. 260; Haynes v. Butler, 30 Ark. 69; County v. Bunbury, 45 Mich. 79. Plaintiffs are proper parties to maintain the action. Mere possession is sufficient to maintain an action against intruders, who, not showing in themselves a right to possession, cannot question the lawfulness of the prior possession of another. Christy v. Scott, 14 How. 282, 292; Burt v. Panjaud, 99 U. S. 180; Wilson v. Glen, 68 Ala. 383, 386; Sedgwick & Wait, Tit. § 718. Plaintiffs had not only possession, but a statutory right thereto. If defendants are intruders or trespassers, injunction will lie. Gustafson v. Hamm, 56 Minn. 334; 3 Pomeroy, Eq. Jur. §§ 1347, 1348.

*James E. Markham* and *Carl Taylor*, for respondents.

CANTY, J.

The city workhouse of St. Paul was located on a tract of land originally purchased, under and pursuant to Sp. Laws 1872, c. 8, for park purposes. The city council attempted to set aside 40 acres of that land for a workhouse site. After the park board was created and organized under Sp. Laws 1891, c. 35, the lands held by the city for park purposes passed under the control of that board. That board passed a resolution purporting to cut down the workhouse site to 15 acres in area (the 15-acre tract so designated includes the land on which the workhouse stands), and declaring the rest of the 40-acre tract to be appropriated for park purposes. The park board threatens to take possession of said balance of the 40 acres, and this action was brought to restrain it from doing so. The action is brought by plaintiffs, as the board of workhouse directors, against the board of park commissioners and the superintendent of that board. Defendants demurred to the complaint, and plaintiffs appeal from an order sustaining the demurrer.

One of the grounds for demurrer is that plaintiffs have not legal capacity to sue, and this is the only ground which we deem it necessary to consider.

Sp. Laws 1881, c. 190, § 1, provides that

"The common council of the city of St. Paul is hereby authorized and empowered to establish, erect and maintain a workhouse."

Section 2 provides:

"The direction, management and control of such workhouse, and the maintenance and care of the convicts therein shall be vested in a board of five directors who shall be styled the 'board of St. Paul workhouse directors,' and said directors shall serve without compensation."

Section 3 provides that the board shall be appointed by the mayor, with the advice and consent of the common council.

Section 4 provides:

"The said board of directors, with the consent and approval of the common council, shall have the power to purchase real estate, at a cost not to exceed $3,000, erect buildings for a workhouse, workshops, providing the same with the necessary machinery and tools, with power to adopt rules for the regulation and discipline of said workhouse."

Section 7 provides:

"The said board of directors shall elect one (1) of their own number president, some suitable person as secretary, the treasurer of the city of St. Paul is hereby declared to be ex-officio treasurer of the said board, and the city comptroller is hereby declared to be ex-officio the comptroller of said board."

Section 8 provides that the superintendent of the workhouse shall have entire control and management of its affairs, and shall obey and carry out the rules and instructions of the board.

Section 9 authorizes the city council to expend not exceeding $30,-000 for the purpose of purchasing the land and the erection of the buildings contemplated by the act, and to issue bonds therefor.

There is nothing in the act expressly declaring the board a body corporate, or providing that it may sue or be sued. In our opinion, the board of St. Paul workhouse directors are mere officers and agents of the city of St. Paul, and not an independent corporation, and therefore cannot maintain this action. In the case of a quasi municipal corporation the power to sue will be implied when there would otherwise be no corporation or person who could maintain the action. Commissioners v. Perry, 5 Ohio, 56, 64. But the power

of a government or municipal officer or board to maintain a suit in his or its own name is strictly construed when the state, county, or city for which the officer or board acts has power to bring the suit. See Commissioners v. Perry, supra; Willis v. Standard Oil Co., 50 Minn. 290, 52 N. W. 652; 1 Dillon, Mun. Corp. (4th Ed.) § 237, note 4.

Order affirmed.