HENRY J. HORN v. CITY OF ST. PAUL.[1]

July 5, 1900.

| 80 | 369 |
| 83 | 295 |

Nos. 12,076—(184).

## City of St. Paul—Sp. Laws 1891, c. 6—Services of Attorney.

Held, Sp. Laws 1891, c. 6, § 11, approved March 24, 1891, abrogated the authority otherwise existing, under the charter of the city of St. Paul, to compensate for legal services rendered to the city by one not a member of the regular legal department of the city.

Appeal by defendant from an order of the district court for Ramsey county, Bunn, J., overruling a demurrer to the complaint. Reversed.

James E. Markham, for appellant.

C. N. Bell and H. J. & A. E. Horn, for respondent.

[1] Reported in 83 N. W. 388.

80 M.—24

LEWIS, J.

It is stated in the complaint, in substance, that plaintiff performed legal services at the instance and request of defendant, commencing in 1887 and continuing down to the summer of 1898; that the services were rendered with respect to a certain action brought by defendant to recover possession of valuable property, known as the "Lower Levee," between Wacouta and Broadway streets, on the Mississippi river; that the city was successful in the action, recovering property worth $500,000; that plaintiff had special charge of the case, was the leading counsel, and that the services were of the reasonable value of $8,000; that defendant paid on this account $2,000 May 12, 1888, and $3,000 March 18, 1892; that the services rendered subsequent to August 27, 1891, were of the reasonable value of $3,000, for which amount judgment is demanded. A demurrer was interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action, and, being overruled, defendant appeals.

The city defends upon the ground that it had no power to employ the plaintiff under the Special Laws of 1885, c. 7, and of 1891, c. 8, but, if such power did exist under those laws, then it was taken away and strictly prohibited by Sp. Laws 1891, c. 6, § 11. By the several enactments of 1885 and 1891 a law department was provided for, consisting of a corporation counsel and three assistants. The terms of office and salaries are fixed and their duties defined: "He [corporation counsel] shall render and perform all the legal services incident to his office   *   *   *" His salary is $5,000 per annum. While it appears to be the intention, as expressed in these provisions, that all of the city's legal business shall be attended to by the regular legal advisers, yet there is no express prohibition against the employment of extra or special counsel. The charter contains a provision that the city shall have the general powers possessed at common law, in addition to the powers specifically granted, and, under the common law, the city had such authority to secure special legal assistance. Repeal by implication is not favored, and we are inclined to the view that, in the absence of a special provision to that effect, the authority was not rescinded by the acts referred to. The common-law power and the statutory pro-

visions are not necessarily inconsistent. Although it is made the duty of the corporation counsel to attend to all the legal business, this does not necessarily imply that, in an important matter, the city would be powerless to secure legal aid.

But we are next met by Sp. Laws 1891, c. 6, § 11, which reads as follows:

"Sec. 11. The common council of said city shall have no power or authority to create any new or salaried office not specified in the charter of said city, or in any manner to increase the salary or compensation of any salaried officer named in said charter, or to employ any assistant or make said city liable for any services rendered or attempted to be rendered in performing the duties imposed by law upon any salaried officer of said city, and upon May twentieth (20th) next after the passage of this act the employment and compensation of all employees and officers of said city not designated in the charter of said city as salaried officers or employees shall cease and determine; but nothing in this provision shall prevent said city and its officers from employing such servants and agents from day to day and from month to month as is authorized by the charter of said city."

This act was approved March 24, 1891, and must be considered in connection with the other enactments referred to.

There are four points distinctly made by this provision: First, no new or salaried office shall be created, not specified in the charter; second, the salary or compensation of salaried officers shall not be increased; third, the city shall not be made liable for any services rendered by any assistant, or otherwise, for any services rendered in performing the duties imposed by law upon any salaried officer; and, fourth, on May 20 following, all officers and employees not designated in the charter as salaried officers or employees shall cease. Plaintiff was a special assistant to the corporation counsel in a special case, being "the leading counsel and attorney therein"; but if he was not an assistant, and was employed in an independent capacity by the city, then an agreement, express or implied, for the payment of his services in that capacity, makes the city liable. He was an employee, and his connection with the city, as such, was cut off absolutely May 20, 1891. We have attempted to read this statute in accordance with the views of respondent, but are unable to do so. It is a great hardship to have rendered valuable legal serv-

ices for the city for a number of years, and not be permitted to collect reasonable compensation. But the statute is plain, and respondent was charged with notice of its provisions. It is useless to pursue the subject further. The law has been adopted, and, as we now interpret it, the defendant city is absolutely powerless to compensate for legal services performed by any one except the regular members of the legal department.

Order reversed.

START, C. J. (dissenting).

I dissent. The plaintiff was employed as special counsel of the city, not as a special assistant to the corporation counsel. The city had the implied power to so employ him. The serious question in the case is whether his employment was revoked by the provisions of Sp. Laws 1891, c. 6, § 11. In my opinion, he was neither an officer nor an employee of the city, within the meaning of this statute. Such was the practical construction of the act by the parties. The plaintiff, after the passage of the law in question, continued to prosecute the action mentioned in the complaint with the knowledge and approval of the city. The action was one of great importance to the city, and the result thereof most advantageous to it, and the plaintiff ought to receive compensation for his meritorious services, unless the statute forbids it. I am of the opinion that the statute is fairly susceptible of a construction in harmony with the plainest principles of justice, and that the complaint states a cause of action.

BROWN, J.

I concur with Chief Justice START.