JAMES N. TRUE v. BOARD OF COUNTY COMMISSIONERS OF CROW
WING COUNTY.[1]

May 24, 1901.

Nos. 12,563—(155).

### Employing Counsel for County.

A sheriff has no authority to employ counsel to conduct litigation in behalf of his county. Such authority rests exclusively with the board of county commissioners.

### Ratification.

An unauthorized employment of counsel by such sheriff, though invalid and not binding on the county, may be ratified by the board of county commissioners, but no ratification can take place except by some official action taken by them with reference to such employment.

Action in the district court for Crow Wing county to recover $169.25 and interest, for professional services rendered and money paid at defendant's request. The case was tried before McClenahan, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*James N. True,* pro se.

*S. F. Alderman,* for respondent.

BROWN, J.

This action was brought to recover the value of plaintiff's services as an attorney at law, alleged to have been rendered for the defendant at its instance and request. The cause was submitted to the court below on a stipulation of facts, upon which findings were made and judgment ordered for defendant, from which plaintiff appealed.

The facts are short, and as follows: On April 16, 1900, the clerk of the district court of Crow Wing county delivered to the sheriff thereof a personal property tax warrant, commanding him to collect the tax designated therein from the Minnesota Waterworks Company, a corporation. Pursuant to this tax warrant the sheriff

[1] Reported in 86 N. W. 102.

levied upon certain personal property belonging to the corporation, and duly advertised the same for sale, as provided by statute. Proceedings were brought by the waterworks company to enjoin the sale of the property, whereupon the sheriff employed this plaintiff, an attorney and counsellor at law, to take charge of and conduct the proceedings so brought against him. Plaintiff appeared in that action as attorney for defendant, and conducted the litigation to final judgment. The county was successful in the suit, the tax was paid by the waterworks company, and plaintiff now asks to be recompensed for his services. Plaintiff was not employed by the board of county commissioners; nor did that body take any official action with reference to his appointment, nor as to his conduct of the litigation, though the chairman of the board was cognizant of the fact that he was acting in behalf of the county, was present at the trial of the action, and knew that it was conducted by him. The county attorney of the county was absent at the time the litigation arose and the proceedings were commenced against the sheriff, but had left the performance of his official duties to Attorney E. W. Crane.

The claim on the part of the plaintiff is that the sheriff was authorized to employ him, and, conceding that he was not, that defendant ratified the employment and is liable for the compensation. The court below held adversely to plaintiff on both propositions, and we think correctly so. The board of county commissioners have by statute sole charge of the affairs of the county, and exclusive authority, except where otherwise expressly provided, to employ counsel when occasion renders such employment necessary. Other county officers have no such authority, whether an emergency arises making such an employment advisable and seemingly necessary or not. The county attorney of the county is the official adviser of the several county officers, and it is his duty to appear for and advise them in all official matters. The employment of counsel to assist him, or to render services incumbent upon him to perform, during his absence, rests solely with the county board (Laws 1895, c. 282), except as provided by G. S. 1894, §§ 811, 813. It follows from this that plaintiff's employment by the sheriff was wholly unauthorized. No doubt, an unauthorized

employment of this kind may be ratified by the board of county commissioners, but there was no ratification in this instance. The chairman of the board had no power to ratify or approve the act of the sheriff. The ratification of such act of employment could only be effected or made by some official action on the part of the board taken with reference thereto. Fouke v. Jackson, 84 Iowa, 616, 51 N. W. 71.

Whether there was an emergency justifying the sheriff in employing outside counsel is not before the court. It is a question with which we have nothing to do. Even if such had appeared, and the employment was apparently necessary and proper, whether the same should be ratified and approved was a matter resting wholly within the discretion of the county commissioners, which discretion is beyond the control of the courts. There is nothing in the suggestion that the county, having received and retained the fruits of the litigation, was bound to compensate plaintiff for his services. The county received the fruits of the litigation because it had no other alternative. It was a tax and was paid into its treasury, and it was powerless to refuse to receive it, or to return it after having received it. For these reasons, the judgment of the court below was proper, and must be affirmed. See Horn v. City of St. Paul, 80 Minn. 369, 83 N. W. 388.

Judgment affirmed.