## STATE ex rel. A. FINLAYSON v. JAMES GORMAN.[1]

### April 26, 1912.

### Nos. 17,567—(18).

**Municipal corporation — employment of attorney.**

> The Water, Light, Power and Building Commission of the city of East Grand Forks, being a governmental department of the city, the city attorney is its legal adviser and it has no express or implied power to employ its own attorney, thereby creating a liability against the city.

[1] Reported in 136 N. W. 402.

**Same — liability of city.**

> Conceding without deciding that an emergency may give power where none otherwise exists, it is held that when the commission employed the attorney for whose services the city is sought to be made liable, no emergency existed, the commission had performed its duty, and was under no legal obligation to assist a private person to enforce a claim audited and ordered paid by it against the city.

Upon information of A. Finlayson, an alternative writ of mandamus was issued by the district court for Polk county to compel James Gorman, as city clerk of the city of East Grand Forks, and as secretary of the Water, Light, Power and Building Commission, to draw his warrant upon the treasurer of the city of East Grand Forks in favor of A. Finlayson, assignee of G. A. E. Finlayson, for the sum of $225, and deliver the same to be countersigned by the president of the commission. From an order, Watts, J., quashing the writ, relator appealed. Affirmed.

*G. A. E. Finlayson,* for appellant.

*F. C. Massee, H. A. Bronson* and *W. J. Rasmussen,* for respondent.

HOLT, J.

The appeal is from a judgment entered upon an order quashing an alternative writ of mandamus, and involves the one question whether or not the Water, Light, Power and Building Commission of the city of East Grand Forks may create a liability against the city for compensation to an attorney employed by the commission.

It appears from the writ that the city, organized under Laws 1895, p. 16, c. 8, in 1909 availed itself of the provisions of Laws 1907, p. 588, c. 412, and duly created a water, light, power and building commission composed of three members. The respondent is the city clerk and under the law should act as secretary of the commission, and is the one whose duty it is to draw warrants upon the city treasurer for the claims allowed and ordered paid by the commission. It is further made to appear that the other city officials declined to

recognize the authority of the commission, the city attorney refused to advise the commission when called upon, the city treasurer would not pay the claims incurred by the commission, and the respondent herein, as secretary, will not issue or sign the warrants ordered, so that the commission was practically ousted from office. In this situation the commission, in January, 1910, employed appellant's assignor as its attorney to give advice and institute such action in court as would establish the authority of the commission and enable it to perform its duties to the public. The attorney so employed rendered services between January 17, 1910, and March, 1910, in counselling and advising the commission in relation to the commencement of proceedings for relief and in the preparation, commencement and trial in the district court and this court of an action of mandamus to compel the city treasurer to pay a certain warrant issued to Robert Braithwaite by the commission, which action resulted in a peremptory writ compelling payment. This proceeding was brought in the name of the state on relation of the commission and the said claimant Braithwaite. It further appears that the attorney afterwards presented his claim for compensation for his services, and the commission November 1, 1910, duly allowed and ordered it paid in the sum of $229.12, said sum being the reasonable value of the services so rendered. The respondent's refusal to issue the warrant, though authorized and requested so to do by the commission, also appears, as well as the assignment of the claim by the attorney to the relator, the appellant.

In granting respondent's motion to quash the writ the trial court said: "I am of opinion that the Water, Light, Power and Building Commission has no power to make the city of East Grand Forks liable for fees of an attorney that it might hire without the authority of the city council of East Grand Forks to hire such attorney."

Sections 198 to and including section 201 of chapter 8, pages 82, 83, of Laws of 1895, under which the municipality was created, provide for the appointment of a city attorney and define his duties, stating that:

"He shall be the legal adviser of the city and shall perform all the

services incident to the office, and shall appear in and conduct all civil suits, prosecutions and proceedings in which the city shall be directly or indirectly interested. . . . He shall advise the city council and all city officers in respect to their official duties. He shall personally or by an assistant attend all the meetings of the city council and such of its committees or boards as shall request his attendance, and no board, department nor officer of the city shall have or employ any other attorney in connection with their official duties."

Any assistant, permanent or temporary, must be appointed by the city attorney. (Sec. 201) The Water, Light, Power and Building Commission is merely a board or department of the city government. While it may, within its sphere, incur expense, enter contracts and allow and order the claims therefor paid independently of the city council, it has been given no power to sue or be sued, so that it stands in need of no attorney to carry on its litigation. Monfort v. Wheelock, 78 Minn. 169, 80 N. W. 955; American Electric Co. v. City of Waseca, 102 Minn. 329, 113 N. W. 899. Therefore, the commission being a department of the city, it must be conceded that, by the section above quoted, the duly appointed city attorney became its legal adviser, and the statutory inhibition against any board, department or officer of the city having or employing any other attorney in connection with their official duties applies to the commission.

And it follows that if this inhibition is in force as to the commission, no implied power for it to employ counsel may be read into Laws 1907 p. 588, c. 412. The intention of the legislature in the act of 1895 to guard against burdening the taxpayers of small cities with more than one legal department is so plain, and that object so worthy, that we have no inclination to adopt the view of appellant that the clause quoted in said section 200 of chapter 8 of Laws of 1895 was repealed by implication by the provision in said chapter 412 (Laws 1907) which reads: "They [the commission] shall have authority to buy all material, and employ all help necessary, or they may contract to extend, add to, change or modify said plants, build-

ings and halls, or any part thereof; they shall also have authority to buy all fuel and supplies, and employ all help necessary to operate said plants."

It cannot be reasonably contended that this language was intended to confer the power to employ an attorney in view of the fact that for every city to which chapter 412 applies, the law already provided a legal adviser whose duty it is to render legal services for the city and every officer, board and department thereof. The duties of a city attorney in cities of less than ten thousand inhabitants cannot be exceedingly arduous. Frequently city officials disagree as to their several duties and clash, but because of this, can it for a moment be admitted that each has the power by implication to hire an attorney for consultation and litigation, and make·the city responsible for the services so rendered? As bearing on this question and the reluctance of courts to imply power to hire attorney where none is given, may be cited Horn v. City of St. Paul, 80 Minn. 369, 83 N. W. 369; True v. Board of County Commrs. of Crow Wing County, 83 Minn. 293, 86 N. W. 102; and Jackson v. Board of Education of City of Minneapolis, 112 Minn. 167, 127 N. W. 569.

But counsel insists that the facts show that an emergency arose which threatened to deprive the city of the services of the commission. Granting that an emergency may create a power where none otherwise exists, we do not think the facts stated in the writ show an emergency. The litigation in which the attorney was employed was not directed against the commission as such, nor was any pecuniary interest of the public at stake in it. The cases cited and relied on by appellant, viz: Wiley v. City, 7 Wash. 576; Smedley v. Kirby, 120 Mich. 253; City v. Murphy, 86 Ky. 53; Barnert v. Mayor, 48 N. J. L. 395, are all cases where proceedings were taken against an official to compel him to perform some official act which he deemed violative of his duty to the public, and injuriously affect-. ing interests of great consequence to the municipality, and where he was compelled to employ counsel or suffer judgment to go against the interests affected, because the regular city attorney refused to act or acted in opposition. Where such official succeeded in vindi-

cating the stand taken, the court, in the above cases, holds that the municipality became liable for the services of the attorney employed by the official to carry on the litigation on the ground that the emergency made it imperative, when the duly appointed legal representative refused to act, or was acting against the interests of the municipality, that other legal assistance be secured.

But in the case at bar it is apparent from the writ that the attorney's services rendered by appellant's assignor were not in any proceeding either to compel or enjoin an official duty by the commission. Nor was its existence at stake. The statement in the writ that because certain city officers would not do their duty the result would wipe out the commission is a mere conclusion not meriting consideration. So that we have the fact that the attorney's services claimed were substantially all rendered in a mandamus proceeding instituted by the three commissioners and one Braithwaite, whose claim for services the commission had duly audited and ordered paid by warrant on the city treasurer. This warrant of Braithwaite the treasurer refused to pay, and the proceeding resulted in judgment directing payment. State v. McIllraith, 113 Minn. 237, 129 N. W. 377. The proceeding was the enforcement of a mere private right against the city, although incidentally it served to bring home notice to a contumacious city official that the commission possessed some authority. The commission had performed its full duty to the public and exhausted its powers with reference to the Braithwaite claim, when that was audited and ordered paid. No legal obligation rested on the commission to force the city treasurer to pay it. We concur in the opinion of the trial court that the claim sought to be enforced is not a legal claim against the city.

Affirmed.