## WILLIAM KEIVER AND OTHERS v. COUNTY OF KOOCHICHING AND OTHERS.[1]

November 8, 1918.

No. 20,965.

**County attorney — employment of substitute by county board.**

1. Section 970, G. S. 1913, does not authorize the board of county commissioners to supersede the regular county attorney by the employment of another attorney to make such investigation and institute such actions on behalf of the county as he may deem fit. Such employment may only be authorized in specific matters, where it appears to the board that the regular county attorney cannot, for some good reason represent the county.

**Same — burden of proof.**

2. The burden was upon plaintiffs to prove that no occasion existed for employing another attorney in the specific actions which the findings show that this attorney was employed to bring, or else, if work

[1]Reported in 169 N. W. 254.

had been under an invalid, roving employment, to so identify that work that the injunctive relief could be applied thereto. This burden plaintiffs failed to sustain.

**Same — lack of funds — evidence.**
   3. The evidence is insufficient to sustain the claim that funds were lacking for the payment of the services still unpaid.

**Same — enjoining county board from passing upon claim.**
   4. The board of county commissioners ought not to be enjoined from considering the claim of one not a party to the injunction suit, unless it is very clear that no such claim can exist, for the taxpayer interested has an adequate remedy by appeal from the allowance of the claim by the county board.

Action by four taxpayers of Koochiching county to restrain the county board of that county from allowing any bill or claim against the general revenue fund of the county or authorizing the payment of any money to N. B. Arnold, for alleged services as special county attorney or otherwise, or in connection with county investigation into the construction of judicial ditches. The case was tried before Wright, J., who made findings and as conclusion of law ordered the dismissal of the action. Plaintiff's motion to amend the findings was denied. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*F. J. McPartlin,* for appellants.

*N. B. Arnold,* for respondents.

HOLT, J.

As taxpayers of Koochiching county, plaintiffs brought this action against the county named, its board of county commissioners and the several members thereof, the county auditor and treasurer, to restrain and enjoin the allowance of any claim or the payment of any money to N. B. Arnold for alleged services, rendered as special attorney for the county in the investigation of supposed irregularities of county officials and in conducting litigation arising out of the conditions found. The answer in addition to a general denial attempted to justify the employment and alleged other matters not of any importance to a decision herein. The appeal is from the judgment of dismissal entered upon the findings.

The main contentions of appellants are that the county board was without authority to bind the county for the services rendered by Mr,

141 M.— 5.

Arnold, and those working under him, and that there were no funds available at the time of the employment from which the promised compensation could be paid.

The record discloses that suspicion had arisen that the business of Koochiching County was not honestly conducted. And, upon a petition for the removal of certain county officials, the Governor, in the fall of 1916, appointed a special commissioner to take testimony and report. It was found that there had been official malfeasance and misappropriation of public moneys. The Governor removed the county auditor and suspended three of the county commissioners. On September 16, 1916, Mr. Arnold was appointed as a special attorney by the board, as then constituted, to represent the county in the removal proceedings "and take such steps as he deems advisable in the premises to protect and further the interests of said county" and "to appear for and on behalf of said county in any action or proceedings of a civil nature, and to commence and prosecute such actions or proceedings as he deems advisable to protect the interest of said county, and to recover for said county any property, money or things of value wrongfully taken and converted or appropriated by any officer or employee of said county or any other person." The board also undertook to authorize the employment of a large force of assistants and experts to work under the direction of Mr. Arnold. Bills for services rendered under these employments up to January 1, 1917, were presented and allowed by the county board; appeals were taken by taxpayers to the district court; the appeals were tried in one action; judgment was rendered in favor of the claimants and the judgment paid. The fair inference is that all claims for services in investigating the situation and in appearing in the removal hearing before the Governor have been paid, and that the claims remaining unpaid grow out of work performed in actions instituted or defended by Mr. Arnold in behalf of the county. Some civil and criminal cases conducted by Mr. Arnold have been disposed of, resulting in the payment of $15,000 into the county treasury, and the entry of judgments in favor of the county for approximately $65,000; but whether these judgments are collectable does not appear. Many cases are apparently pending.

The authority of the board of county commissioners to employ an at-

torney, in place of or to assist the duly elected county attorney is contained in G. S. 1913, § 970, which reads:

"When there is no county attorney, the county board may employ any competent attorney to perform such legal services for the county as may be necessary. Such board may also employ an attorney other than the county attorney either to assist him, or to appear for the county or any officer thereof, in any action to which such county or officer in his official capacity is a party, or to advise the board or its members in relation thereto, or in relation to any other matter affecting the interests of the county, and may pay such attorney out of the funds of the county."

The employment of Mr. Arnold was originally under the resolution of September 16, from which quotations have been made. Another lengthy resolution adopted November 8, 1916, purports to ratify the employment and what had been done by Mr. Arnold thereunder, including the appearance before the special commissioner appointed by the Governor, and further employed him "to give advice in matters coming before the board growing out of the investigation, and out of civil suits commenced and to be commenced, and in all other matters coming before the board concerning which they require advice."

We quite agree with appellants that section 970 is not to be construed as authorizing the county board to eliminate the duly elected county attorney by employing another attorney to do his work. The statute is designed to meet special cases or extraordinary occurrences when the county attorney is unable because of absence, illness, personal interests or the legal difficulties involved, to render that effective service which the interests of the county or the public demand. It is within the judgment and discretion of the county board to determine when the occasion for such employment arises. But there must appear to the board some substantial reason why, in attending to criminal prosecutions and the legal work of the county, the regular county attorney should be wholly passed by or relieved of the duties imposed upon him by law, and additional heavy burdens placed upon the taxpayers by the employment of other attorneys. This consideration requires the board to have in mind some specific item of legal service to which the employment is limited. The trend of our decisions, involving section 970, supports the views above expressed. True v. Board of Co. Commrs. of Crow Wing County, 83

Minn. 293, 86 N. W. 102; Board of Co. Commrs. of Washington County v. Clapp, 83 Minn. 512, 86 N. W. 775; Peterson v. County of Koochiching, 133 Minn. 343, 158 N. W. 605. We think it is clear that this statute does not authorize the employment of a special county attorney with such a roving commission to generally advise the board and to institute and defend actions as he may deem fit as is found in the quoted portions from the resolutions of the board of September 16 and November 8, 1916. But this conclusion does not determine the appeal.

The court found: "That from time to time since the 1st day of January, 1917, to the time of the trial of this action, the duly constituted county board of said county, by resolutions duly passed, employed the said N. B. Arnold as the attorney for the said county and authorized him to appear for the said county and the said county board in certain actions at law brought by divers persons against the said county, to prepare the necessary pleadings in said actions, look up evidence therein and prepare the same for trial and conduct the trial of said actions and take such steps therein as might be necessary to protect the interests of the said county, and from time to time the said county board adopted other resolutions wherein and whereby they employed and authorized the said N. B. Arnold, as special attorney for said county and county board, to institute other actions at law in the name of and in behalf of said county against divers persons, copartnerships and corporations to recover moneys claimed to have been illegally taken from the county and other moneys claimed to have been illegally retained from said county, and to prevent the alleged wrongful and illegal payment of certain county warrants that had theretofore been issued to divers persons by the county auditor of said county."

This finding is not assigned as error, nor is any other finding of fact, except this: "The trial court erred in denying plaintiff's motion to amend the findings of fact and conclusions of law as proposed by plaintiffs * * * and not covered by the court's findings as follows:" What follow are paragraphs 11 to 23 of the proposed findings. It is patent that this assignment does not directly assail the finding of the court above quoted; and indeed the thirteenth and sixteenth paragraphs of the proposed findings confirm it in stating that the county board have ever since the first day of January, 1917, "ratified and confirmed the employment of said

Arnold in all things," and "that the said N. B. Arnold has commenced several actions without the consent of the county board and later secured their approval of the same." It is therefore quite clear that Mr. Arnold was employed to prosecute certain specific actions; and, in order to enjoin the allowance of payment of the agreed compensation for the services therein rendered, it was incumbent on the plaintiffs to show that no proper occasion existed for the employment. And as to services rendered under the roving or unlimited employment, if any have been rendered that have not been specifically ratified or paid for, it was also for plaintiffs to so point them out by proof that the injunctive relief asked could be applied to those services. In both these matters the evidence adduced by plaintiffs falls far short of sustaining findings in their favor.

In respect to the contention that the employment of Mr. Arnold could not lawfully be made because funds were lacking, little need be said. As we read the record, the services rendered in 1916 were audited and paid for before this action was started, and neither the evidence nor the findings show that funds were not available in 1917 with which to pay the legitimate expenses connected with the employment of Mr. Arnold in any specific pending case or matter. Furthermore, in view of the decision in Board of Co. Commrs. of Washington County v. Clapp, supra, it cannot be said that the only available resource for the payment of a special attorney employed by the board is the "funds of the county."

Although it cannot be held a fatal objection to the maintenance of this action that Mr. Arnold is not made a party thereto, yet it would seem to be but just and right that a court of equity should not forbid the board to consider his claims, unless it is beyond controversy that no lawful claim can be asserted by him for the services rendered. The plaintiffs, as well as other taxpayers, have an effective remedy against wrongs or illegalities inhering in the alleged employment of Mr. Arnold and his assistants by appeals from the board of county commissioners, if that body should allow improper claims.

We reach the same conclusion arrived at by the learned trial court. The judgment is affirmed.