ALFRED L. THWING v. CITY OF INTERNATIONAL FALLS.[1]

January 7, 1921.

No. 22,078.

**Municipal corporation — employment of special attorney by council invalid.**

1. Under the charter of the city of International Falls, the city attorney is charged with the duty of conducting all civil suits, prosecutions and proceedings in which the city is interested, and the city council has no power to employ a special attorney to conduct litigation in which it may have an interest.

**Same — enforcement of general taxes.**

2. Under our tax system, the county attorney is charged with the duty of conducting proceedings for the collection of general taxes against real and personal property. A city has no power to employ counsel to assist the county attorney in performance of such duty.

Action in the district court for Koochiching county to recover $1,748.09 for professional services. The case was tried before Wright, J., who at the close of the testimony granted defendant's motion to dismiss the action. From an order denying his motion for an order setting aside the order to dismiss and a motion for a new trial, plaintiff appealed. Affirmed.

*Alfred L. Thwing,* for appellant.

*W. V. Kane, Harris Richardson* and *John H. Brown,* for respondent.

HALLAM, J.

Three large taxpayers owning property in the city of International Falls, Koochiching county, refused to pay personal property taxes as-

[1]Reported in 180 N. W. 1017.

sessed against them and real estate taxes assessed against their property for the year 1918, and, when the usual statutory proceedings to enforce payment were instituted, they interposed answers and resisted the applications for judgment. The taxes involved were a very substantial part of the total tax levy of the county. They were general taxes assessed for state, county and municipal purposes. The amount thereof that would be payable to the city of International Falls, when collected, would form a very substantial part of the total levy for all city purposes. The city council employed plaintiff "as special counsel for and in behalf of the said city to act and advise and in all things participate with said county attorney in the conduct and preparation and prosecution to a final determination of each and all of the actions aforesaid." Plaintiff thereupon participated in said litigation and presented a bill for his services in connection therewith. The city council allowed the bill and certain taxpayers appealed to the district court. The court, after trial, found for the defendant and plaintiff appealed.

We are of the opinion that the decision of the trial court was right, for two reasons, as follows:

1. In the absence of some restriction in its charter or in the general laws of the state, the city council of a city may undoubtedly employ a special attorney to undertake litigation in which the city may be engaged. Horn v. City of St. Paul. 80 Minn. 369, 83 N. W. 388; Vicksburg Waterworks Co. v. Vicksburg, 99 Miss. 132, 54 South. 852, 33 L.R.A.(N.S.) 844, Ann. Cas. 1913D, 917; Dillon, Mun. Corp. § 824. There is no such restriction upon defendant city in the general statutes of this state. We think there is a restriction in the city charter.

The charter of the city of International Falls, a home rule charter, in defining the duties of the city attorney, provides, that:

"He shall be the legal advisor of the city and shall perform all the services incident to the office, and shall appear in and conduct all civil suits, prosecutions and proceedings in which the city shall be directly or indirectly interested, * * * and perform all such other duties as may be required by law." Chapter 11, § 2.

"He shall advise the city council and all city officers in response to their official duties. He shall personally, or by assistants, attend all

the meetings of the city council and such of its committees or boards as shall require his attendance, and no board, department or officer of the city shall have or employ any other attorney in connection with their official business." Chapter 11, Section 3.

"When from absence, sickness or other cause, he shall be unable to attend to any of his official duties he may appoint some one to act in his place for the time being, but at his own expense." Chapter 11, Section 4.

Sections 2 and 4, taken together, in our opinion constitute the city attorney the sole attorney for the city in the conduct of "all civil suits, prosecutions and proceedings in which the city shall be directly or indirectly interested," and make it clear that the city attorney is obliged to perform the duty imposed or provide a substitute at his own expense. It may be that the language of section 3, taken alone, would not cover the case, and yet the language of this section is in harmony with the purpose, made more clear in sections 2 and 4, to impose the legal business of the city upon the city attorney to the exclusion of others.

2. The collection of general taxes is not a function of the city or of city officers. Under our tax system, county officers are charged with that duty. Board of County Commrs. of Washington County v. Clapp, 83 Minn. 512, 86 N. W. 775. In the case of real estate taxes, the duty is imposed upon the county attorney of the county in which the taxes are levied, to take charge of and prosecute proceedings for their collection, with the provision that the county board may employ another attorney to assist him. G. S. 1913, § 2106. With respect to personal property taxes, the county attorney is likewise charged with the duty of conducting proceedings for the collection thereof. G. S. 1913, § 2077.

The city has no duty to perform in these particulars. It is interested in the collection of taxes, just as villages, towns and school districts are. So it is interested in many other governmental functions, the performance of which is vested in other departments of the state government. The city must trust to the officers of other muncipal subdivisions of the state to perform the duties devolved upon them by statute. If one city in the county may employ attorneys to enforce col-

lection of general taxes, other cities in the county may likewise do so. So may villages, towns and school districts. There is no warrant, in any statute of the state, for any of these political subdivisions to assume the duty or to incur the expense of furnishing legal assistance to the county attorney in the conduct of litigation to enforce payment of general taxes.

Defendant's employment of plaintiff was unauthorized and plaintiff cannot recover.

Order affirmed.

BROWN, C. J., took no part in the decision.