[S. F. No. 12647. In Bank.—August 23, 1927.]

W. J. FITZGERALD et al., Petitioners, v. JOHN B.
BADARACCO et al., as Supervisors of the City and
County of San Francisco, Respondents.

[1] MUNICIPAL CORPORATIONS—SAN FRANCISCO CHARTER—COMPENSA-
TION OF EMPLOYEES — POWER OF BOARD OF PUBLIC WORKS —
AUTHORITY OF SUPERVISORS. — Under the provisions of section 3,
chapter 1, article III, of the charter of the city and county of
San Francisco, relating to the annual budget, and the provisions
of sections 11, 12, and 13 of said charter, relating to the limit
of taxation, the power of the board of public works, under section
3, chapter 1, article VI, of the charter, to fix the compensation
of its employees is so limited as to be subject to the control of
the board of supervisors in the fixation of the budget and the levy
of taxes in conformity thereto; and the board of public works
in the exercise of its aforesaid power may not provide for the
payment of the compensation of its employees in an amount ex-

ceeding the sums allowed to it by the board of supervisors in its budget and provided for in the tax levy to be made in conformity therewith.

---

(1) 38 C. J., p. 774, n. 23.

APPLICATION for a Writ of Mandate to compel the Board of Supervisors of the City and County of San Francisco to levy a tax sufficient to cover added compensation of employees of the Board of Public Works. Writ denied.

The facts are stated in the opinion of the court.

Maurice T. Dooling, Jr., and F. A. Devlin for Petitioners.

John J. O'Toole, City Attorney, for Respondents.

RICHARDS, J.—The petitioners, consisting of a considerable number of the employees of the department of public works of the city and county of San Francisco, have applied for a writ of mandate whereby they seek to have this court direct the board of supervisors of said city and county and the members thereof to adopt a tax rate and levy a tax for the fiscal year ending June 30, 1928, sufficient to pay the said petitioners certain amounts in the way of added compensation fixed by said board of public works by a resolution thereof adopted May 18, 1927, for the services performed and to be performed by said petitioners as the employees of said board during said fiscal year. The petition herein discloses that on the sixth day of June, 1927, the said board of supervisors, purporting to act pursuant to the provisions of section 3, chapter 1, article III, of the charter of said municipality, adopted a certain ordinance providing for the sums respectively to be allowed to the various departments, officers, boards, and commissions thereof for said fiscal year, and making a budget of the same; and that in so doing the said board made a budget of the amount estimated to be required to pay the expenses of conducting the public business of said department of public works for said fiscal year, including and itemizing the amounts to be paid by said board for the salaries and wages of its employees; and that in so doing said board of supervisors failed to allow and provide for the amount required by said board of public works to pay

the said added compensation of its employees, and that pursuant to said budget the said board of supervisors is about to levy the annual taxes to be imposed upon the inhabitants and properties within said city during said fiscal year, and that in so doing the board will not, unless so directed by this court, embrace in the tax levy a sum sufficient to meet and pay the said added compensation so provided and fixed for its said employees by the said board of public works. Wherefore, the petitioners apply for this writ. The return which the respondents have made to this writ is in the form of a demurrer to its sufficiency, and the questions presented thereby relate to the power with which said board of public works is invested under the terms of said charter with relation to fixing the compensation of the employees of said board, and to the limitations, if any, upon such power embraced in the other provisions of said charter. By the terms of section 3, chapter 1, article VI, of said charter it is provided that: "The board [of public works] may employ such clerks, superintendents, inspectors, engineers, surveyors, deputies, architects and workmen as shall be necessary to a proper discharge of their duties under this article, and fix their compensation; but no compensation to any of said persons shall be greater than is paid in similar employment." It is the contention of the petitioners that under the foregoing provision of the charter the board of public works is invested with plenary power to fix the compensation of those of its employees who are referred to therein, and that when said board has acted in the matter of fixing the compensation of its employees the amounts thus fixed are not subject to control or diminution through the action of any other department of said municipality, but must be provided for in the annual tax levy thereof. It is made to appear, however, by the terms of section 3, chapter 1, of article III, as the same read prior to the adoption of certain amendments thereto in the year 1924, that the board of supervisors of said municipality were charged with the duty of preparing and adopting an annual budget which, when so prepared and adopted, should furnish the basis of the tax levy to be later made by said board. Said section read as follows: "The supervisors shall meet annually between the first Monday of May and the first Monday of June, and by a vote of a majority of all the members thereof make a budget of the

amounts estimated to be required to pay the expenses of
conducting the public business of the city and county for
the next ensuing fiscal year. The budget shall be prepared
in such detail as to the aggregate sum and the items thereof
allowed to each department, office, board or commission, as
the supervisors shall deem advisable.'' It is also to be
noted that by the provisions of sections 11, 12, and 13 of
chapter 1 of article III of said charter it is provided that
the tax levy to be made by the board of supervisors of said
municipality ''shall not exceed the rate of one dollar on each
one hundred dollars valuation of the property assessed.''
Certain exceptions to this limit of taxation are provided for
in the sections of said article above referred to, but these do
not affect the questions before us. [1] It is the contention
of the respondents herein that under the provisions of sec-
tion 3, chapter 1, article III, of said charter relating to the
annual budget, and under the provisions of sections 11, 12,
and 13 of said charter relating to the limit of taxation, the
power of the board of public works to fix the compensation
of its employees is so limited as to be subject to the control
of the board of supervisors in the fixation of the budget and
in the levy of taxes comformably thereto, and that said
board of public works in the exercise of its aforesaid power
may not provide for the payment of the compensation of its
employees in an amount exceeding the sums allowed to it
by the board of supervisors in its said budget and provided
for in the tax levy to be made conformably therewith. We
are of the opinion that the contention of the respondents
in the foregoing regard must be sustained, and that to hold
otherwise would be not only to nullify in a large measure
the provisions of the charter with relation to the preparation
of the annual budget by the board of supervisors, but would
also be to place it within the power of the board of public
works and certain other departments of the city govern-
ment to provide for expenditures within their several de-
partments in excess of the tax limit provided for in the
foregoing provisions of said charter, and in so doing to be
and act beyond the control of the legislative body of said
city, whose duty it is to keep the expenditures of its govern-
ment within such limit of taxation. It has been brought to
our attention that in the year 1924 two certain charter
amendments were proposed and adopted by the electors of

said municipality relating to the duties imposed upon the board of supervisors in the matter of the preparation of the annual budget, and also in the matter of the classification of the wages and salaries of the officers and employees of said municipality to be accomplished by the adoption of certain ordinances of the board of supervisors to be passed in accordance therewith, but that such classification has not as yet been made or said ordinances adopted by said board. By the terms of the latter of these amendments it is provided that "pending the adoption by the supervisors of classification and compensation schedules as herein provided the existing salaries and compensations, and charter salary and wage-fixing powers shall remain in force and effect." Whatever may be the interpretation and effect of the foregoing amendments to the charter, or either of them, when put in operation, we are not called upon here to consider for the reason that we are of the opinion that prior to the adoption of said amendments the power of the board of public works in the matter of the fixation of the compensation of its employees was subject to the limitation imposed by the budget provisions and taxing limit of said charter as it existed prior to the aforesaid amendments thereof.

The application for the writ is denied.

Shenk, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.

Preston, J., dissented.