[S. F. No. 12675. In Bank.—September 12, 1927.]

W. W. GRIFFIN, Petitioner, v. THOMAS F. BOYLE, as Auditor of the City and County of San Francisco et al., Respondents.

[S. F. No. 12677. In Bank.—September 12, 1927.]

J. W. JACKSON et al., as Members of the Board of Election Commissioners of the City and County of San Francisco, Petitioners, v. J. B. BADARACCO et al., as Members of the Board of Supervisors of the City and County of San Francisco, Respondents.

[1] MUNICIPAL CORPORATIONS—SAN FRANCISCO CHARTER—POWER OF ELECTION COMMISSIONERS—COMPENSATION OF EMPLOYEES.—If the special provision of article XI, chapter 1, section 4, of the charter of the city and county of San Francisco, reading, "the provisions of this section shall have full force and effect, all other sections of the charter notwithstanding," be construed as insuring to the board of election commissioners power to fix the salaries, etc., of its employees, it is in conflict with and repealed by section 3, chapter 1, article III, of said charter, requiring the board of supervisors to make a budget of the amount estimated to be required to pay the expenses of conducting the public business of the city and county, etc.

---

(1) 43 C. J., p. 905, n. 58.

APPLICATION for Writs of Mandate to compel respondents to make appropriations for the Department of Elections and to levy a tax therefor. Writ denied.

The facts are stated in the opinion of the court.

Cameron King and Glensor, Clewe & Van Dine for Petitioners.

John J. O'Toole, City Attorney, and Frank L. Fenton for Respondents.

LANGDON, J.—Application for writ of mandate to compel respondents to appropriate for the conduct of the department of elections the respective amounts itemized and set forth in its budget estimate and to adopt and levy a tax rate sufficient to provide for the amount set forth herein. Writ denied.

The above causes have been consolidated in the argument presented therein to this court, and as they present the same legal problem they will be determined together.

In each a writ of mandate is sought to compel the Board of Supervisors of the City and County of San Francisco to appropriate for the conduct of the department of elections the respective amounts itemized and set forth in its budget estimate, and to adopt and levy a tax rate for the fiscal year ending June 30, 1928, sufficient to provide for the amount set forth therein.

[1] A similar question was presented to this court and decided adversely to petitioners in the case of *Fitzgerald* v. *Badaracco, ante,* p. 18 [258 Pac. 937]. The decision of that case would be conclusive here, unquestionably, except for the fact that an additional consideration enters into the present situation by reason of a special provision of article XI, chapter I, section 4, of the charter of the city and county of San Francisco, relating to the power of the Board of Election Commissioners to fix the salaries, etc., of its employees, and which special provision is found in this language: "the provisions of this section shall have full force and effect, all other sections of the charter notwithstanding."

If we were to give to the language just quoted the force and effect contended for by petitioners, and hold that it insures to said Board of Election Commissioners the specific right to exclusively control the employment and fix the salaries of its employees, because it prevails over the general right of the supervisors to estimate the amounts to be allowed to the election department, we should also be bound to hold that, so construed, it is in conflict with a later amendment (sec. 3, chap. I, art. III, as amended November 4, 1924, approved by legislature January 17, 1925 [Stats. 1925, p. 1172]) to said charter, and being thus in conflict is expressly repealed thereby.

The last cited section reads as follows: ''The supervisors shall meet annually between the first Monday of May and the first Monday of June, and by a vote of the majority of all the members thereof make a budget of the amounts estimated to be required to pay the expenses of conducting the public business of the city and county for the next ensuing fiscal year, and the items thereof allowed to each department, office, board or commission, as the supervisors shall deem advisable; provided, however, that the salaries, wages or rate of compensation of the various deputies, clerks, assistants or employees of every kind and classification of each department, office, board or commission, except the police, fire, park, playgrounds, public library and school departments, shall be itemized in said budget: and provided, further, that any and all amounts so set apart, itemized and allowed in any department, office, board or commission, as wages, salary or compensation, as aforesaid, shall be expended for such purposes only, and, if not so expended, shall, at the end of each and every month, revert to a special fund which may be reapportioned for the same purpose as those originally set out in the budget ordinance.

''Before finally determining upon the budget, the supervisors shall fix such sufficient time or times as may be necessary to allow the taxpayers to be heard in regard thereto, and the supervisors shall attend at the time or times so appointed for such hearing. All provisions of the charter in conflict with this section are hereby repealed.''

It is apparent that if section 4 of chapter I, article XI, be construed as giving exclusive and absolute control to the Board of Election Commissioners of the matter of fixing

the salaries of its employees, it would be in direct conflict with the result sought to be effected by section 3, chapter I, article III, which is a later provision and expressly repeals conflicting provisions.

It follows that the writs sought must be denied and it is so ordered.

Koford, J., *pro tem.*, Seawell, J., Shenk, J., Richards, J., and Waste, C. J., concurred.

Preston, J., dissented.