[Civ. No. 6731. First Appellate District, Division Two.—June 26, 1929.]

GLENSOR, CLEWE & VAN DINE (a Copartnership) et al., Appellants, v. SYLVESTER ANDRIANO et al., Respondents.

Harold H. Price for Appellants.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Respondents.

KOFORD, P. J.—This is an appeal from a judgment for defendants following the sustaining of a demurrer to plaintiffs' complaint. The action was for a writ of *mandamus* to compel the payment by the city and county of San Francisco of a claim of plaintiffs for attorney fees and costs. The board of election commissioners had employed plaintiffs to represent it in a proceeding by which it was sought to compel the board of supervisors to allow in the annual budget the amount estimated to be necessary by the board of election commissioners for that department for the then

ensuing year. That action was unsuccessful. (*Griffin* v. *Boyle (Jackson* v. *Badaracco)*, 202 Cal. 95 [259 Pac. 729].)

The question presented on this appeal is whether the board of election commissioners had authority to employ attorneys in that proceeding and make the expense thereof chargeable against the treasury of the city. The city attorney having ruled against the contention of the board of election commissioners appeared for and represented the respondents in that proceeding. The appellants cite the provisions of law and the charter giving the election commissioners general management and power over registrations and the holding of elections. They cite authorities which sustain the power of general legislative bodies of various municipal corporations (such as city councils, boards of supervisors and we may add in some cases boards of education) to employ special counsel in certain cases. No. direct authority is cited supporting the action of the board of election commissioners in employing plaintiffs as counsel to represent it, but it is claimed that the board has this power as an implied one.

The authorities cited by appellants we deem not to be in point because not dealing with controversies between two departments of the same municipality. This is not a case where counsel were employed to represent the municipality in an action with another party, but is an inter-departmental controversy. █ The board of election commissioners is a department of the city government and its powers are not such as to make it function independently from the other departments of the city government. *Griffin* v. *Boyle (Jackson* v. *Badaracco)*, *supra*, and *Fitzgerald* v. *Badaracco*, 202 Cal. 18 [258 Pac. 937], illustrate this point. While there are authorities which permit the employment of special counsel instead of the city attorney or district attorney under special circumstances making such action necessary, we have been referred to none which apply that rule to a controversy between two departments of the same municipal corporation. Cases in which implied power to employ special counsel has been denied one department in a controversy with another are *Rafael* v. *Boyle*, 31 Cal. App. 623 [161 Pac. 126]; *State* v. *Gorman*, 117 Minn. 323 [136 N. W. 402]; *Higginson* v. *City of Fall River*, 226 Mass. 423 [2 A. L. R. 1209, 115 N. E. 764].

If it should be conceded that in certain emergencies the board of election commissioners could employ special counsel to represent itself as a board as distinguished from the city and make the expense chargeable against the city treasury, the petition in this case does not show such an emergency. The controversy appears to have been only a difference of opinion or judgment as to how much money would be necessary for election purposes for the fiscal year. The amount necessary to be allowed in the budget has been held to be a matter which is by law confided to the board of supervisors rather than to the other departments of the municipality. (*Griffin* v. *Boyle (Jackson* v. *Badaracco)*, *supra; Fitzgerald* v. *Badaracco, supra.*) In the case last cited it is said: "To hold otherwise would be not only to nullify in a large measure the provisions of the charter with relation to the preparation of the annual budget by the Board of Supervisors, but would also be to place it within the power of the Board of Public Works and certain other departments of the city government to provide for expenditures within their several departments in excess of the tax limit provided for in the . . . charter and in so doing to be and act beyond the control of the legislative body of said city, whose duty it is to keep the expenditures of its government within such limit of taxation."

The judgment is therefore affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 26, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1929.

All the Justices present concurred.