JOHN D. O'REILLY, JUNIOR, vs. TOWN OF SCITUATE.

Plymouth.   November 7, 1951. — November 29, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Municipal Corporations*, Officers and agents.   *Attorney at Law.   Words,*
  "Expert."

The general powers of municipal departments do not include the em-
  ployment of legal counsel at the expense of the municipality.
The authority to employ "experts" given to planning boards by G. L.
  (Ter. Ed.) c. 41, § 81A, as appearing in St. 1947, c. 340, § 4, does not
  include the employment of legal counsel.

CONTRACT.    Writ in the Second District Court of
Plymouth dated October 15, 1949.

The action was heard by *Kalus, J.*

*J. D. O'Reilly,* pro se.

*A. C. Blake,* Town Counsel, for the defendant.

LUMMUS, J.    The plaintiff is a lawyer with considerable
experience in the field of zoning laws.   On March 2, 1949, he
was employed by the planning board of Scituate to advise as
to its duties, and the board has approved his bill for $200 for
his services.   The town already had a town counsel, selected
under a by-law to "advise and serve the Board of Selectmen
and all other boards, departments and officials of the Town
in any and all legal problems and cases arising in the con-
duct of their respective offices as they may deem necessary."

In this action of contract, brought in a District Court, the
judge ruled that as matter of law judgment must be entered
for the defendant.   The Appellate Division dismissed a re-
port.   The plaintiff appealed.

In the absence of legislative authority, it is settled that a
department of a city or town has no authority to employ
counsel.   *Fletcher* v. *Lowell,* 15 Gray, 103.   *Higginson* v.
*Fall River,* 226 Mass. 423, 425.   Benefit to the municipality

is immaterial. *Fluet* v. *McCabe*, 299 Mass. 173, 178. The only statute relied on as authorizing the employment of the plaintiff is St. 1947, c. 340, § 4 (G. L. [Ter. Ed.] c. 41, § 81A), whereby a planning board is authorized to "employ experts and clerical and other assistants." The whole question is whether the word experts in that section embraces legal counsel.

It is doubtless true that the word expert may be used in a sense that includes counsel, but ordinarily we think of an expert as one who furnishes assistance and advice in fields other than law. When legal counsel is meant it is usual to say so. It is well known that towns ordinarily have counsel for the whole town, as the defendant did, and not merely for a single board. The Legislature, we think, did not have counsel in mind when it authorized planning boards to employ experts.

*Order dismissing report affirmed.*