ALFRED W. HOWES *vs.* TOWN OF ESSEX.

Worcester.    September 23, 1952. — November 3, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations*, Officers and agents, Contracts.  *Agency*, Scope of
    authority or employment.  *Attorney at Law.*    *Contract*, With mu-
    nicipality.    *Evidence*, Judicial notice.    *Statute*, Acceptance.    *Plead-
    ing, Civil*, Declaration.

There can be no judicial notice of acceptance of a statute by a town.
    [382]
Votes of a town appropriating for the establishment of a water system
    money to be raised largely by borrowing and authorizing certain
    officers of the town "to enter into all necessary contracts and do all
    other things which may be necessary" for the project did not au-
    thorize such officers to employ an attorney to advise and assist the
    town in connection with the project.    [384]
Allegations that under a certain statute, which authorized a town to
    establish a water system, the town adopted votes empowering the
    "selectmen and the water commissioners" to act for it in connection
    with the project, and that the "selectmen and . . . water commis-
    sioners, acting under the authority of the votes and . . . [statute]
    hereinbefore referred to," employed an attorney to advise and assist
    the town, were not allegations that the employment was by the water
    commissioners alone and solely by virtue of a provision of the statute
    vesting in them "the authority granted to the town by this act . . .
    [with certain exceptions] subject . . . to such instructions, rules and
    regulations as said town may impose by its vote."    [384–385]

CONTRACT.    Writ in the Superior Court dated July 26,
1950.

The action was heard by *Giles*, J., on demurrer.

*David A. Foley*, for the plaintiff.

*Sumner L. Raymond*, for the defendant.

WILKINS, J.    The plaintiff, an attorney at law, sues for
legal services rendered in the construction of a municipal
water system.    A demurrer to the amended declaration was
sustained, and the plaintiff appealed.    G. L. (Ter. Ed.)
c. 231, § 96.

The amended declaration, which is in one count, consists

chiefly of one unbroken paragraph occupying about four pages of the printed record, exclusive of three additional pages of quotations incorporated by reference from articles in warrants for, and votes at, various town meetings of the defendant. The amended declaration is vague and equivocal in several respects, and the demurrer could rightly have been sustained on the ground that it does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action. G. L. (Ter. Ed.) c. 231, § 7, Second. We allude to these formal deficiencies because of the difficulty we have encountered in trying to analyze the cause of action, but we make no detailed discussion, as we prefer to dispose of the case on the substance rather than the form of the declaration.

Another ground of demurrer is that the amended declaration does not set forth a legal cause of action. G. L. (Ter. Ed.) c. 231, § 18, Second. There is an allegation that the plaintiff's employment was pursuant to certain votes of the town made "under the authority of" St. 1934, c. 261, entitled, "An Act authorizing the town of Essex to supply itself and its inhabitants with water." Section 10 requires as a condition precedent to the effectiveness of the act the "acceptance by a majority of the voters of the town . . . at a town meeting called for the purpose within three years after its passage." There is no allegation that c. 261 was thus accepted. Even if it has been, we cannot take judicial notice of that fact. See *Cerwonka* v. *Saugus*, 316 Mass. 152, 153; *Boyle* v. *Building Inspector of Malden*, 327 Mass. 564, 566; *Sunderland* v. *Building Inspector of North Andover*, 328 Mass. 638, 641.

It is possible that this defect in the cause of action alleged might be cured by amendment. So we turn to certain allegations which show that the amended declaration is otherwise fatally defective. On March 18, 1947, the town appropriated for the establishment of a water system the sum of $333,000, of which $300,000 was to be borrowed and notes issued; and voted, "The board of selectmen and the water commissioners are hereby authorized to enter into all

necessary contracts and do all other things which may be
necessary for the completion of said water supply system."
At a later town meeting on July 7, 1947, this vote was
revised in respects not at present material and reënacted.[1]
At the same time it was voted "That the action taken by
the town . . . on March 17, 1947, and March 18, 1947, in
connection with the foregoing matters be, and it is hereby
ratified, confirmed and approved in so far as it is consistent
with the foregoing." "Thereafter the defendant, acting
under the authority of said acts and votes, and acting by
and through its board of water commissioners and its board
of selectmen, as authorized by and under said votes and
acts, proceeded to let, and to enter into numerous contracts
to construct and establish a water supply system." On
March 7, 1949, the defendant at a town meeting appropri-
ated an additional $40,000, which was to be borrowed and
notes issued. On May 17, 1949, "there remained in said
appropriations hereinbefore referred to, viz: $333,000 and
$40,000, a balance in excess of $16,000, no part of which
balance had been expended or was being held for obligations
previously incurred." On that date "the defendant's board
of selectmen and its board of water commissioners, acting
under the authority of the votes and acts hereinbefore re-
ferred to, employed the plaintiff in his capacity as an at-
torney at law to advise the defendant and to assist it in
the enforcement of its rights and in the performance of its
obligations under said contracts, and to render general
assistance to it in the completion of the water system . . . .
The plaintiff accepted such employment, for which the
defendant's board of selectmen and board of water commis-
sioners, acting for the defendant under the authority of
said acts and votes, agreed to pay the plaintiff . . . fair
and reasonable compensation."

It is apparent that the foundation of the plaintiff's case

---

[1] See St. 1947, c. 42, entitled "An Act to clarify and establish the authority
of the town of Essex to borrow money for not more than thirty years under
authority of the General Laws for the establishment of a water supply system."
See also St. 1947, c. 548, entitled "An Act relative to the authority of the
town of Essex to borrow money for water purposes."

is the votes of March 18, 1947, July 7, 1947, and March 7, 1949. The theory, according to his brief, is that he was employed by the board of selectmen and the board of water commissioners as agents of the town to advise and assist the town in the completion of its water system. As a matter of interpretation, however, we do not think that the authorization given on March 18, 1947, to the board of selectmen and the water commissioners "to enter into all necessary contracts and do all other things which may be necessary for the completion of said water supply system" included the hiring of a lawyer who would be paid out of an appropriation largely to be raised by borrowing and the giving of bonds or notes of the town which might remain outstanding for thirty years. The same objection applies to the appropriation of $40,000 voted on March 7, 1949, to be raised entirely by borrowing. As was said in *O'Reilly* v. *Scituate,* 328 Mass. 154, 155, "When legal counsel is meant it is usual to say so." This statement is particularly pertinent where it is contended that attorneys' fees are to be paid in whole or in part out of the proceeds of town borrowing.

In the alternative, the plaintiff now tries to make the one count of the amended declaration do double duty. He argues that the board of water commissioners alone could hire him as attorney for the town, and he refers to St. 1934, c. 261, § 8, which created this board and contains the statement: "All the authority granted to the town by this act, except sections five and six [relating to the issuing of water loan bonds and the payment thereof], and not otherwise specially provided for, shall be vested in said board of water commissioners, who shall be subject, however, to such instructions, rules and regulations as said town may impose by its vote." But in the one lengthy count there is no allusion to § 8 or to this supposed power of the board of water commissioners. There is, in fact, no allegation that this board alone did anything. It is not alleged that in fact this board did hire him. The important words, as we cull them from the amended declaration, seem to be, "the defendant's board of selectmen and its board of water

commissioners, acting under the authority of the votes and acts hereinbefore referred to, employed" and agreed to pay the plaintiff to assist the defendant. These are not allegations that one of the boards acting under one of the sections of one of the acts and under none of the votes but contrary to one of them employed the plaintiff to advise the town. If the plaintiff cared to present this ground of liability it should have been made the subject of a separate count concisely setting forth the material allegations in order that the defendant might have been fairly advised, so as to permit the intelligent preparation of an answer.

<div style="text-align: center;">

*Order sustaining demurrer affirmed.*

*Judgment for the defendant.*