CITY OF FLINT v. BOARD OF HOSPITAL MANAGERS.

1. MUNICIPAL CORPORATIONS—BOARDS AND COMMISSIONS—POWER TO
APPOINT COUNSEL.
    Employment of legal counsel is not deemed to be an incidental
    power of municipal boards and commissions and does not exist,
    except as it is expressly conferred or results by necessary
    implication from the powers granted.

2. SAME—CITY CHARTER—GRANT OF INDEPENDENT STATUS—POWER
TO EMPLOY LEGAL COUNSEL.
    Grant of city charter to defendant hospital board of considerable
    independent status, but which limits the board's acts to the
    *supervision* and *exclusive management* of all hospitals owned
    and operated by the city, *held*, not to give the board, by in-
    ference or otherwise, authority to employ legal counsel (Flint
    Charter, § 40).

3. SAME—CITY CHARTER—DUTIES OF CITY ATTORNEY.
    City charter provision explicitly giving city attorney power and
    duty to represent "heads of *all* departments, divisions, boards,
    commissions, and offices" thereby placed all authority and
    responsibility for legal counsel for the board of hospital
    managers in the city attorney, the board being only one of the
    specifically enumerated city agencies (Flint Charter, § 27).

4. COSTS—PUBLIC QUESTION—APPOINTMENT OF ATTORNEY FOR CITY
HOSPITAL.
    No costs are allowed in declaratory judgment proceeding to
    ascertain who has authority to appoint attorney for city's
    board of hospital managers, a public question being involved
    (Flint Charter, §§ 27, 40).

Appeal from Genesee; Newblatt (Stewart A.), J.
Submitted April 6, 1966. (Calendar No. 2, Docket
No. 50,414.) Decided May 10, 1966.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 37 Am Jur, Municipal Corporations §§ 125, 262.
[3] 37 Am Jur, Municipal Corporations § 261.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

Action by City of Flint against Board of Hospital Managers for the City of Flint for a declaratory judgment to determine power of the board to appoint its own attorney. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Edward P. Joseph,* City Attorney, *Wade D. Withey, Richard R. Lovinger,* and *Charles A. Forest, Jr.,* Assistant City Attorneys, for plaintiff.

*Milliken & Magee (Herbert A. Milliken, Jr.,* of counsel), for defendant.

T. M. KAVANAGH, C. J. The city of Flint brought this action in the circuit court of Genesee county for a declaration of rights against the board of hospital managers for the city of Flint. The purpose of the action was to determine whether the board of hospital managers for the city of Flint (hospital board) or the city of Flint by its director of the department of law (city attorney) has the power to appoint the attorney to represent the hospital board.

It was stipulated that initially the Hurley hospital board of managers appointed its own counsel and retained him for nine years, and that thereafter, for a period of 14 years, counsel was given civil service status by the city attorney. Upon the death of said counsel the hospital board declared that the appointment of an attorney was a matter for the decision of the board, and in April of 1963 the board, without the permission or concurrence of the department of law, appointed its own legal counsel.

It was further stipulated that the only issue submitted for decision was whether the hospital board has the power to retain or appoint legal counsel of its choice or whether the city attorney alone has

the power, under the city charter, to act as legal counsel for the hospital board.

The city of Flint relies on section 27 of the charter which provides in part as follows:

"[The city attorney] shall direct the management of all litigation in which the city is a party or is interested; * * * he shall advise the commission or any committee or member thereof, the city manager and the heads of all departments, divisions, boards, commissions and offices concerning any legal questions affecting the city's interests or the performance of their official duties."

The hospital board claimed the right to appoint its own legal counsel and relies on the language of section 40 of the city charter, which reads in part as follows:

"[The board of hospital managers] shall have the supervision and *exclusive* management of all hospitals owned and operated by the city." (Emphasis supplied.)

The trial court thought that the "plain issue" was whether the city charter conferred substantial independence on the hospital board. The court reasoned that if such a plan or scheme of independence was found to exist, then, absent definitive charter language to the contrary, the hospital board must be permitted its own counsel.

The trial court decided that the city charter granted the hospital board "substantial independence" and that it did not specifically prohibit the board from hiring its own counsel. The court ruled that the power of the hospital board to hire its own attorney flowed, by inference, from such independence.

The city of Flint, on appeal, raises several questions. However, the only issue necessary to decision is whether the lower court's interpretation of the

city charter, allowing the hospital board to appoint its own counsel, is correct.

"As a general rule, however, the power to employ counsel is not deemed to be incidental to such boards, and does not exist, except as it is expressly conferred, or results by necessary implication from the powers granted." Annotation, 2 ALR 1212. See 10 McQuillin, Municipal Corporations (3d ed), § 29.12, pp 204–209. See, also, *O'Reilly* v. *Town of Scituate*, 328 Mass 154 (102 NE2d 439).

Although section 40 of the city charter does grant the board of hospital managers considerable independent status, it limits the board's acts to the supervision and *exclusive management* of all hospitals owned and operated by the city. It does not, by inference or otherwise, give the board authority to employ legal counsel.

Section 27 of the charter, on the other hand, explicitly gives the city attorney the power and duty to represent the "heads of *all* departments, divisions, boards, commissions and offices." The board of hospital managers is only one of the specifically enumerated city agencies. The director of the department of law (city attorney) is legally authorized to represent the board. The language of section 27 of the charter unquestionably places all authority and responsibility for legal counsel in the director of the department of law.

The judgment of the trial court is reversed, and the case remanded to the trial court for entry of a declaratory judgment in accordance with this opinion. A public question being involved, no costs shall be taxed.

DETHMERS, KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.

SMITH, J., did not sit.