NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY *vs.*
CITY OF LOWELL.

Middlesex. January 6, 1976. — March 3, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, & KAPLAN, JJ.

*Municipal Corporations,* By-laws and ordinances. *Public Utilities. Words,* "Repugnant to law."

A city ordinance providing that plans accompanying applications for permits to open trenches in the city streets for proposed installations therein "must be stamped and signed by a Registered Professional Engineer," and that baselines, centerlines and bounds be established prior to construction by a registered land surveyor, was void as applied to a telephone and telegraph company by reason of the impermissible interference of the ordinance with the exemption of land surveyors and professional engineers performing such work or services and "subject to the jurisdiction of the Department of Public Utilities," as set forth in § 81R (*l*) of c. 112 of the General Laws, the chapter dealing comprehensively with land surveyors and professional engineers. [832-835]

BILL IN EQUITY filed in the Superior Court on October 18, 1972.

The suit was heard by *Tamburello,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Acheson H. Callaghan, Jr. (Jeffrey Swope* with him) for the plaintiff.

*Thomas E. Sweeney,* Assistant City Solicitor, for the defendant, submitted a brief.

REARDON, J. The New England Telephone and Telegraph Company (company) brought a petition for declaratory relief questioning the validity of certain provisions of an ordinance adopted by the city of Lowell (city), amending c. 27 of the city code concerning "Streets and Sidewalks." The ordinance which was adopted by the city in 1972 deals in general with the opening of trenches and the disturbance of streets around the city, and governs the issuance of permits relative thereto. Section 5 (a) of the ordinance requires that any application for a permit thereunder shall be accompanied by detailed plans of the proposed work and installation, and § 5 (f) provides that "[p]lans must be stamped and signed by a Registered Land Surveyor and/or Registered Professional Engineer." Section 6 provides that "[i]f deemed necessary by the Commissioner of Public Works or his representative, a baseline or centerline of construction for both vertical and horizontal control of the work will be established prior to the construction by a Registered Land Surveyor" while § 7 goes on to provide that "[w]hen proposed location of installation is in the sidewalk area or in any other location where accuracy of bounds, bound points, property markers, etc. may be jeopardized, the Commissioner of Public Works shall require that a Registered Land Surveyor locate and properly reference to all such points prior to construction." The company challenges the validity of these latter three sections of the ordinance, requiring that plans be stamped and signed by a registered land surveyor or registered professional engineer (§ 5 [f]), and that base-

lines, centerlines and bounds be established prior to construction by a registered land surveyor (§§ 6 and 7).

The company employs a staff of approximately twenty-five engineers in the Lowell district but employs no registered professional engineers or land surveyors therein. Since adoption of the ordinance the company has been under the necessity of employing independent registered professional engineers and land surveyors to do the work at a cost over almost two years of between $25,000 and $30,000. The company asserts that this work is essentially duplicative of the work already performed by its own engineers.

A Superior Court judge ruled that, as applied to the company, § 5 (f) of the ordinance is void in its entirety and that §§ 6 and 7 are void "in that part thereof which requires the employment of a registered land surveyor." The city appealed from a final judgment to that effect.

There was no error. The case brings before the court an issue which was exhaustively dealt with in *Bloom* v. *Worcester,* 363 Mass. 136, 147-157 (1973), and more recently in *Del Duca* v. *Town Adm'r of Methuen,* 368 Mass. 1, 10-13 (1975).

We refer to the judge's analysis in his findings and rulings wherein he alluded to G. L. c. 166, § 25, as appearing in St. 1951, c. 476, § 2, which in general enables cities to "establish reasonable regulations for the erection and maintenance of all lines for the transmission of intelligence by telegraph, telephone or television," and G. L. c. 40, § 21, permitting cities to adopt ordinances "not repugnant to law, as they may judge most conducive to their welfare . . . ." He made reference also to G. L. c. 112, which governs the registration of a number of professions and occupations including, in §§ 81D-81T, professional engineers and land surveyors. Penalties are provided in G. L. c. 112, § 81T, for those practicing engineering and land surveying without being registered. However, as he noted, G. L. c. 112, § 81R (*l*), exempts from such requirements "the performance of engineering

work and services by a person, firm or corporation subject to the jurisdiction of the Department of Public Utilities which work and services are performed as part of their employment and for the benefit of such person, firm or corporation." Since the company is under the jurisdiction of the Department of Public Utilities and the work in question is performed for the company's benefit, it would appear that the questioned sections of the ordinance confront directly the above cited provisions of G. L. c. 112.

We have had occasion to mention the desirability of uniformity of standards applicable to utilities regulated by the Department of Public Utilities. See *Boston Edison Co.* v. *Sudbury,* 356 Mass. 406, 420 (1969). See also *Pereira* v. *New England LNG Co.,* 364 Mass. 109 (1973); *New York Cent. R.R.* v. *Department of Pub. Util.,* 347 Mass. 586, 591-592 (1964). While the city argues that the disputed sections of the code require no more of the company than burdens already placed upon it by the Commonwealth, we are inclined to disagree. The company has been forced to expend in the district in which the city lies sums not required of it in other areas in which it operates. This is because the ordinance has created in Lowell a burden for the company additional to those which it carries elsewhere. To the extent that this is so, there is a variation from the uniformity desirable in the regulation of utilities throughout the Commonwealth.

It is within this context that we consider the effect of the *Bloom* and *Del Duca* cases in particular upon the claim of the company. The *Bloom* case made reference to *Commonwealth* v. *Baronas,* 285 Mass. 321, 322 (1934), which held that "where by legislation a subject matter has been fully dealt with, a by-law of a town or city dealing further and otherwise with that subject matter is 'repugnant to law' within the meaning of this statute [G. L. c. 40, § 21]." The *Bloom* case makes it clear that legislation dealing with a subject comprehensively "may reasonably be inferred as intended to

preclude the exercise of any local power or function on the same subject because otherwise the legislative purpose of that statute would be frustrated." *Bloom* v. *Worcester, supra* at 155. See *Del Duca* v. *Town Adm'r of Methuen, supra* at 10-13.

The regulatory program detailed in G. L. c. 112, §§ 81D-81T, is quite comprehensive. The statute establishes the qualifications for practicing engineering and land surveying in the Commonwealth, sets out the procedures governing examinations and the issuance and revocation of certificates of registration, and provides criminal sanctions to enforce its requirements. The exemption provided in § 81R (*l*) is an integral part of this comprehensive scheme. Section 81R (*l*) reflects a legislative determination that engineering work performed by a person, firm or corporation subject to the jurisdiction of the Department of Public Utilities need not be performed by registered engineers or land surveyors. Those portions of the Lowell ordinance held invalid by the judge cut across and frustrate that legislative determination. We conclude that in compelling the employment of registered engineers and land surveyors under the ordinance the city is engaged in impermissible interference with a statutory plan which is quite clear.

*Judgment affirmed.*