BOSTON GAS COMPANY *vs.* CITY OF SOMERVILLE.

Suffolk. May 2, 1995. - June 28, 1995.

Present: LIACOS, C.J., LYNCH, O'CONNOR, & GREANEY, JJ.

*Constitutional Law*, Home Rule Amendment. *Municipal Corporations*,
Home rule, By-laws and ordinances. *Public Utilities*, Energy company.
*Gas Company*.

A municipal ordinance that attempted to regulate street excavation by
public utilities was invalid under the Home Rule Amendment (art. 89,
§ 6, of the Amendments to the Massachusetts Constitution), as it con-
flicted with and was therefore inconsistent with G. L. c. 164, the com-
prehensive public utility regulatory scheme that was intended to pre-
empt local legislation in that area. [703-706]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 4, 1994.

The case was heard by *Margaret R. Hinkle*, J., on motions
for summary judgment.

The Supreme Judicial Court granted an application for di-
rect appellate review.

*Steven W. Phillips* for the plaintiff.

*Charles F. Haverty, III*, Assistant City Solicitor, for the
defendant.

The following submitted briefs for amici curiae:

*Scott Harshbarger*, Attorney General, *Edmund J. Sulli-
van*, Assistant Attorney General, *& Dorian C. Mead*, for De-
partment of Public Utilities.

*Patrick W. Hanifin & Stephen S. Ostrach*, for New Eng-
land Legal Foundation.

*Paul K. Connolly, Jr., & Eileen M. Fava*, for Massachu-
setts Natural Gas Council.

LYNCH, J. The plaintiff's complaint for declaratory relief
pursuant to G. L. c. 231A (1992 ed.), challenges the consti-

tutionality of § 12-20 of the Somerville Code of Ordinances (ordinance).[1] After a judge in the Superior Court denied the plaintiff's request for a preliminary injunction prohibiting enforcement of the ordinance, the parties filed cross motions for summary judgment. The judge allowed the city of Somerville's (defendant's) motion for summary judgment, and the plaintiff appealed. A single justice of the Appeals Court, pursuant to G. L. c. 231, § 118 (1992 ed.), enjoined the defendant from enforcing the ordinance pending appeal. We granted the plaintiff's application for direct appellate review.

The plaintiff contends that the ordinance is invalid under § 6 of art. 89 of the Amendments to the Massachusetts Constitution (Home Rule Amendment), because it is inconsistent with G. L. c. 164 (1992 ed.), the State's regulatory scheme for public utilities.[2] We agree. Municipalities may not adopt by-laws or ordinances that are inconsistent with State laws. See *American Motorcyclist Ass'n* v. *Park Comm'n of Brockton*, 412 Mass. 753, 756 (1992) (invalidating local regulation banning use of motorcycles because regulation inconsistent with statute giving person right to operate motor vehicle); *New England Tel. & Tel. Co.* v. *Lowell*, 369 Mass. 831, 834-835 (1976) (invalidating ordinance requiring registered land

---

[1]This ordinance is entitled "Asphalt street and sidewalk openings" and governs all aspects of street excavations in Somerville including: (1) the applicable fees, deposits, performance bonds, and fines required for each street opening permit granted; (2) the required highway department notification procedures; (3) the required procedures for excavating, backfilling, patching, paving, and barricading of excavation sites; and (4) the financial responsibilities and billing procedures required for permittees.

[2]The Home Rule Amendment states "[a]ny city or town may, by the adoption, amendment, or repeal of local ordinances or by-laws, exercise any power or function which the general court has power to confer upon it, *which is not inconsistent with the constitution or laws enacted by the general court . . .*" (emphasis added). Art. 89, § 6, of the Amendments to the Massachusetts Constitution. The plaintiff also contends that this ordinance violates § 7 of the Home Rule Amendment because it imposes a tax on the plaintiff. However, this contention was not raised below and may not be raised for the first time on appeal. *Guardianship of Doe*, 411 Mass. 512, 513 n.2, cert. denied sub nom. *Doe* v. *Gross*, 503 U.S. 950 (1992). Moreover, because we conclude the ordinance to be invalid for other reasons, we need not address this argument.

surveyors and professional engineers contrary to statute exempting engineers subject to Department of Public Utilities regulations from registration requirements); *Del Duca* v. *Town Adm'r of Methuen*, 368 Mass. 1, 9 (1975) (holding ordinance facially inconsistent with statute and therefore void). See also art. 89, § 6; G. L. c. 43B, § 13 (1992 ed.). To determine whether a local ordinance is inconsistent with a statute, this court has looked to see whether there was either an express legislative intent to forbid local activity on the same subject or whether the local regulation would somehow frustrate the purpose of the statute so as to warrant an inference that the Legislature intended to preempt the subject. *Bloom* v. *Worcester*, 363 Mass. 136, 155-156 (1973). Moreover, in some circumstances we can infer that the Legislature intended to preempt the field because legislation on the subject is so comprehensive that any local enactment would frustrate the statute's purpose. *Wendell* v. *Attorney Gen.*, 394 Mass. 518, 527-528 (1985). See also *New England Tel. & Tel. Co.* v. *Lowell*, *supra* (intent to preempt inferred from comprehensive legislative scheme).

The manufacture and sale of gas and electricity by public utilities is governed by G. L. c. 164. Given the comprehensive nature of this statute, we conclude that the Legislature intended to preempt local entities from enacting legislation in this area. See *Boston Edison Co.* v. *Boston*, 390 Mass. 772, 774 (1984) (recognizing comprehensiveness of G. L. c. 164). Furthermore, the ordinance is inconsistent with particular provisions of the statute and the regulations of the Department of Public Utilities (department).

When the plaintiff excavates a street to work on its underground gas distribution facilities or to provide gas service to the general public, the department mandates that the plaintiff utilize a "least-cost" strategy to repair the excavation site including the use of competitive bidding procedures. See D.P.U. 93-60 at 232-233 (1993). See also D.P.U. 92-210 at 196 (1993). However, because of the ordinance the plaintiff must hire a "city contract representative," selected by the defendant, to provide patching, paving, and repair services at

specified rates which, the plaintiff contends, exceed the rates it previously obtained with competitive bidding.[3] The ordinance also requires the plaintiff to use certain materials and paving techniques, such as infrared paving methods.[4] Moreover, under the ordinance, the plaintiff's responsibility for the excavation site continues for three years beyond the final infrared treatment, even though G. L. c. 164, § 70, does not require the plaintiff to maintain the street after the excavation site has been repaired.[5] General Laws c. 164, § 70, on the other hand, only requires the plaintiff to return an excavation site back to its original condition. See *Wendell* v. *Attorney Gen., supra* at 528 (holding by-law inconsistent because imposed conditions beyond those established by statute and exceeded town board of health authority). Because the ordinance conflicts with the statutory scheme for regulating public utilities, we conclude that it is inconsistent with c. 164 and therefore invalid. See *New England Tel. & Tel. Co.* v. *Lowell, supra* at 834 (discussing desirability of uniform utility regulation).

Finally, although the defendant argues that G. L. c. 164, § 75,[6] gives it the authority to regulate in this area, we con-

---

[3]It appears that, at the present time, only one paving contractor has the "qualifications" necessary to provide paving services under the ordinance. It is also noteworthy that this same contractor was involved in drafting the ordinance.

[4]Regardless, § 8 of the ordinance states that, "[a]fter a proper settling period, the excavating shall be infra-red heat treated by the contract representative of the city. This work shall be the financial obligation of the permittee." Moreover, § 10 of the ordinance provides that "[a]ll street excavations shall be made permanent by the infra-red heat process and will be the financial responsibility of the permittee."

[5]General Laws c. 164, § 70, provides in pertinent part that "[a] gas company may, with the written consent of the aldermen or the selectmen, dig up and open the ground in any of the streets, lanes and highways of a town. . . . It shall put all such streets, lanes and highways in as good repair as they were in when opened." However, § 11 of the ordinance provides that "[t]he installation of permanent patch does not alleviate the permittee from the responsibility for trench settlement for a period of three (3) years from the date of the final infra-red permanent repair . . . ."

[6]General Laws c. 164, § 75, provides: "The aldermen or selectmen may regulate, restrict and control all acts and doings of a corporation subject to

clude that the defendant cannot use its limited authority to enact an ordinance which has the practical effect of frustrating the fundamental State policy of ensuring uniform and efficient utility services to the public. See *New England Tel. & Tel. Co.* v. *Lowell, supra* at 833, 835 (holding ordinance invalid despite city's statutory authority to establish reasonable regulations for welfare of citizens).

The judgment of the Superior Court is vacated. The case is remanded for the entry of a judgment declaring that § 12-20 of the Somerville Code of Ordinances is invalid.

*So ordered.*

---

this chapter which may in any manner affect the health, safety, convenience or property of the inhabitants of their towns."