Gershengorn, J.
Plaintiff, Colonial Gas Company (“Colonial”) brought a five count complaint against defendants, Town of Wilmington (“Wilmington”) and Robert P. Palmer as he is the Superintendent of the Department of Public Works for the Town of Wilmington (“Superintendent”) seeking declaratory, injunctive and other relief alleging that the Town of Wilmington By-Laws c. 5, §§6(f) and 6(g) (“By-Laws”) violate G.L.c. 164, §70.
After reviewing the pleadings in this matter, Colonial’s motion for judgment on the pleadings is ALLOWED as to Counts I, II, III and V and is DENIED as to Count VI. Further, with regard to Wilmington’s counterclaim, this court gives Wilmington twenty (20) days to allege with specificity the nuisance created by Colonial, recognizing that G.L.c. 164, §70 requires only that the roads be placed “in as good repair as they were in when opened” and does not require “gutter-to-gutter” paving unless that is necessary to effectuate the standard. If Wilmington fails to allege with specificity these allegations, Colonial’s motion for judgment on the pleadings with regard to Wilmington counterclaim is ALLOWED.
BACKGROUND
Colonial is a public utility which provides natural gas to the residents of Wilmington. In order to properly maintain the pipelines and other facilities which are utilized to effectuate the delivery of natural gas, Colonial must excavate public ways within Wilmington. General laws c. 164, §70 promulgates the regulations that a public utility, such as Colonial, must comply with when excavating a public way. In addition, ByLaws c. 5, §§6(f) and 6(g) require that Colonial obtain a permit before they begin excavation of a public way within the town limits.[2] Prior to obtaining said permit, Colonial was required to complete an application with the Town’s Department of Public Works. The Conditional Permit to Open, Connect Onto, Occupy or Obstruct the Surface of a street in the Town of Wilmington, MA includes the following provision.
15. Bituminous Concrete Overlay Gutter-to-Gutter — The inch thick bituminous concrete overlay shall consist of one course of Class I top course. The overlay shall be deferred for a period of weeks/months after the completion of the construction of work specified to be done under this permit.
In September of 1997, Colonial was notified by Wilmington that Colonial would no longer be granted these permits because of their failure to provide “gutter-to-gutter” repaving on two permit sites in October of 1996. Additionally, in October of 1995, a permit was denied to Colonial for construction which was to occur on Glen Road because they refused to include the “gutter-to-gutter” sections in the permit application.
In November of 1993, Colonial was informed by Wilmington that Colonial had not provided “gutter-to-gutter” paving with regard to work which was done on Beverly Avenue and therefore would no longer be granted permits. In order to comply with the demands of Wilmington, Colonial proceeded to repave Beverly Avenue “gutter-to-gutter.
DISCUSSION
Rule 12(c) of the Massachusetts Rules of Civil Procedure provides that “(a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.” In considering a Rule 12(c) motion, “all of the well pleaded factual allegations in the adversary’s pleadings are assumed to be true and all contravening assertions in the movant’s pleadings are taken to be false.” Sampson v. Lynn, 405 Mass. 29, 30 (1989), quoting Minaya v. Massachusetts Credit Union Share Ins. Corp., 392 Mass. 904, 905 (1984). See also Burlington v. District Attorney for N. Dist., 381 Mass. 717, 717-18 (1980); Sampson v. Lynn, 405 Mass. at 30; Wilson v. Commonwealth, 31 Mass.App.Ct. 757, 763 aff'd, 413 Mass. 352 (1992).
COUNT I, II, III — DECLARATORY RELIEEF
Colonial in Counts I, II and III of the complaint seeks declaratory judgment that the requirement imposed by Wilmington of “gutter-to-gutter” paving before a permit can be received pursuant to By-Law c. 5, §§6(f) and 6(g) violates G.L.c. 164, §70 as it is promulgated through Article 89, §6 of the Amendments to the Massachusetts Constitution (Home Rule Amendment).
*24 “[T|he purpose of G.L.c. 164 is to ensure uniform and efficient utility services to the public." Boston Gas Company v. City of Newton, 425 Mass. 697, 699 (1997); Boston Gas Company v. Somerville, 420 Mass. 702 (1995). “Municipalities may not adopt by-laws or ordinances that are inconsistent with State laws.” Boston Gas Company v. Somewille, supra at 703. An ordinance or by-law is inconsistent with State law when it would frustrate the legislative intent of the statute. Id. at 704. In Boston Gas Company v. Somerville, supra, an ordinance which required Boston Gas Co. to hire a city representative and to utilize a certain paving method was found to frustrate G.L.c. 164, §70. Similarly, in Boston Gas Company v. City of Newton supra, a scheme of fees imposed upon public utilities for street excavation was also found to frustrate the statute. “By demanding that the plaintiff, through an upfront fee, in effect pay for the long-term maintenance of the street, the ordinance mandates something not required by the statute and is, therefore, inconsistent with, and preempted by, G.L.c. 164.” Id. at 701.
In this case, Wilmington argues that the By-Laws do not frustrate the purpose of the statute. They claim that requiring “gutter-to-gutter" paving merely fulfills the statutory requirement that the road be restored to its original condition. However, the statute merely requires that the roads be placed in “as good repair as they were in when opened.” G.L.c. 164, §70. Requiring the utility to pave the entire road “gutter-to-gutter” far exceeds this statutoiy requirement unless the excavation is so extensive as to effect the entire road. Additionally, such a requirement unfairly benefits the municipality by forcing the utility to improve portions of the road which were not excavated but were otherwise in disrepair.
If the utility fails to repair the roads in the manner required by the statute, then the municipality retains an action for nuisance against the utility. G.L.c. 164, §70. “[T]he burden of fulfilling such statutory duties [is placed] squarely on the shoulders of the public utility.” Boston Gas Company v. Newton, supra at 701.
For the above reasons, the requirements imposed upon Colonial by Wilmington in requiring “gutter-to-gutter” paving before receiving a permit pursuant to By-Law c.5 §§6(f) and 6(g) frustrate the purpose of and therefore violate G.L.c. 164, §70. Therefore, Colonial’s motion for judgment on the pleadings is allowed with respect to counts I, II, and III.
COUNT IV— QUANTUM MERUIT
Colonial has also brought an action in quantum meruit for the monies it expended in paving Beverly Avenue “gutter-to-gutter" in order to continue to have its permit applications granted. Assuming the factual allegations in the favor of Wilmington, this court does not have sufficient evidence to decide this count on the pleadings. Specifically, although this court has determined that “gutter-to-gutter” paving is not required in order to fulfill the statutoiy requirements of G.L.c. 164, §70, it may be necessary if the excavation is so severe as to encompass the entire roadway. Whether the excavation was severe enough in that instance to require “gutter-to-gutter” paving is a determination which is not appropriate in a motion for judgment on the pleadings. Therefore, Colonial’s motion with respect to count IV is denied.
COUNT V — INJUNCTIVE RELIEF
As this court has determined that the “gutter-to-gutter” paving requirement imposed by Wilmington is violative of G.L.c. 164, §70, a permanent injunction enjoining Wilmington from enforcing that requirement is appropriate. Wilmington continues to have a remedy in nuisance if the paving done by Colonial does not meet the standards set forth in the statute.
COUNTERCLAIM
Wilmington alleges that by failing to provide “gutter-to-gutter” paving on the sites that have been excavated, Colonial has created an actionable nuisance. However, Wilmington fails to allege the specific nuisance which has been created by Colonial. As this court has determined that “gutter-to-gutter” paving is not required in order to meet the standard set forth in G.L.c. 164, §70, Wilmington cannot rely on Colonial’s failure to provide such paving as creating a nuisance.
ORDER
For the foregoing reasons, the plaintiff, Colonial Gas Company’s motion for judgment on the pleadings is ALLOWED as to Counts I, II, III (declaratory judgment) and V (permanent injunction) and is DENIED as to Count VI (quantum meruit). Further, with regard to Wilmington’s counterclaim, this court gives Wilmington twenty (20) days to allege with specificity the nuisance created by Colonial, recognizing that G.L.c. 164, §70 requires only that the roads be placed “in as good repair as they were in when opened” and does not require “gutter-to-gutter” paving unless that is necessary to effectuate the statutory standard. If Wilmington fails to allege with specificity these allegations, Colonial’s motion for judgment on the pleadings with regard to Wilmington counterclaim is ALLOWED.

“(f) the permit shall require that the restored opening or excavation shall be repaved with a pavement of the same specifications as the original pavement by a contractor or paver approved by the granting authority, and that the work or repaving shall be done in a thoroughly workmanlike manner and shall be subject to the approval of the superintendent of streets;
(g) the recipient of the permit shall pay to the town treasurer whatever sum the superintendent of streets shall expend for labor, materials, equipment, time and other contractual services to restore the street to good and safe condition and full and unobstructed use to the satisfaction of said superintendent if the recipient fails to complete said restoration to the satisfaction of said superintendent within the time specified in said permit."
Town of Wilmington By-Laws c. 5 §§6(f) and 6(g).